AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **Southern District of New York** on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>17-cv-4157 (JPO) | DATE FILED<br>6/2/2018 | U.S. DISTRICT COURT<br>Southern District of New York |
|---|---|---|
| PLAINTIFF<br>EXPENSIFY, INC. | | DEFENDANT<br>ABACUS LABS, INC. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 See Attached Sheet | | See Attached Sheet |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 See Attached Sheet | | See Attached Sheet |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

DECISION/JUDGEMENT

COPY ATTACHED: Stiplation of Vo;untary Dismissal

| CLERK<br>Ruby J. Krajick | (BY) DEPUTY CLERK | DATE<br>6/26/2018 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPENSIFY, INC,

    Plaintiff,

-against-

ABACUS LABS, INC,

    Defendant.

Civil No. 1:17–cv–04157-JPO

**ECF CASE**

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff Expensify Inc. ("Plaintiff") and Defendant Abacus Labs, Inc. ("Abacus") hereby stipulate and agree that all asserted claims for relief are hereby dismissed with prejudice. Each party shall bear its own attorneys' fees, costs, and expenses incurred in connection with this action.

Respectfully submitted this 2 5 day of June, 2018,

ROBINS KAPLAN LLP

Oren D. Langer
399 Park Avenue
Suite 3600
New York, NY 10022
Tel.: 212-980-7400
Fax: 212-980-7499
olanger@robinskaplan.com

*Counsel or Plaintiff*

GOODWIN PROCTER LLP

Tiffany Mahmood
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212-813-8800
Fax: 212-355-3333
tmahmood@goodwinlaw.com

*Counsel or Defendant*

**SO ORDERED** on this ___ day of June, 2018.

Hon. J. Paul Oetken, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| EXPENSIFY, INC., a Delaware Corporation, | 17 CV 4157 |
|---|---|
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| ABACUS LABS, Inc., a Delaware Corporation, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Expensify, Inc., ("Expensify") brings this action for patent infringement seeking damages and injunctive relief against Defendant Abacus Labs, Inc. ("Abacus"), and hereby alleges through its attorneys as follows:

## NATURE OF ACTION

1. This is an action for patent infringement of United States Patent Nos. 8,861,861 ("the '861 Patent") and 9,196,006 ("the '006 Patent") (collectively, "the Patents-in-Suit") implemented by Expensify's SmartScan™ technology, which automates expense reporting. Expensify invented the technology of the Patents-in-Suit to enable paperless expense reporting. Users no longer need to attach paper receipts to printed expense reports. Expensify's SmartScan™ technology photo captures expense receipts—such as credit card slips, odometer readings, and cash receipts—performs optical character recognition on those records, places each in an expense report, and then uses multiple resources to correlate expenses with credit card transactions, or other bank records. Automating this process saves individuals, and companies, time and money. Expensify describes this automation as "making expense reports **more lovable**" and "making

1

receipts **less hateable**." Expensify summarizes its value added as creating "Expense reports that don't suck!"

2. Expensify is a rapidly growing company, expanding at approximately 66% percent per year. The patented SmartScan™ technology is core to Expensify's business, brand, and marketing model. There are now over 4.8 million users, at more than 700,000 companies, across 169 different countries, using Expensify's patented SmartScan™ technology.

3. Abacus entered the expense report automation market late,[1] forcing it to copy Expensify's SmartScan™ technology in an effort to gain lost time. Abacus describes its receipt capture system as "No more expense reports. Snap a photo and let geo-location and auto-categorization do the work for you." *See* https://www.abacus.com/features. "No more expense reports to compile, sift through or make sense of." *See* https://www.abacus.com/real-time-expense-reporting. "Uploaded receipts are automatically attached to expenses in card feeds when there is a match. Employees can connect personal cards to quickly create new expenses directly from the credit card feed" *See* https://www.abacus.com/feature-list.

## THE PARTIES

4. Expensify was founded in 2009 in San Francisco, with the purpose of making expense reporting simple. Expensify invented the technology of the Patents-in-Suit to enable paperless expense reporting.

5. Expensify is a Delaware corporation with its principal place of business at 88 Kearny St., Suite 1600, San Francisco, CA.

6. Upon information and belief, Abacus is a Delaware Corporation with its headquarters and principal place of business at 39 E 20th St, Floor 4, New York, NY 10003.

---

[1] "Abacus was founded in 2013 by Omar, Tec, and Josh." https://www.abacus.com/about.

7. Upon information and belief, Abacus transacts business within the Southern District of New York. Abacus describes itself in press releases as "the most intuitive way for you to reimburse your team, reconcile corporate cards, and implement your expense policy."

8. Expensify and Abacus compete for customers who desire expense report automation and analysis.

## JURISDICTIONAL STATEMENT

9. This action arises under the Patent Laws of the United States, Title 35 of United States Code § 1, *et seq.*

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of a United States patent.

11. This Court has personal jurisdiction over Abacus. Upon information and belief, Abacus transacts substantial business in the State of New York, including: (i) committing the infringement alleged herein; and (ii) maintaining continuous and systematic contacts in New York. Upon information and belief, Abacus has sold and offered for sale the infringing services to individuals in New York. In addition, upon information and belief, Abacus' principal place of business is in the Southern District of New York, and thus has purposely availed itself of the privileges and benefits of the law of New York.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events or omissions giving rise to the claims have occurred in this district, Abacus resides in this district, and it has a regular and established place of business in this district.

## EXPENSIFY'S SMARTSCAN TECHNOLOGY & PATENTS

13.     Expensify filed utility application 13/469,016 on May 10, 2012, claiming priority to provisional application 61/484,654 filed May 10, 2011. Application 13/469,016 was subsequently allowed and U.S. Patent No. 8,861,861 issued on May 14, 2014 ("the '861 Patent"). The '861 Patent is attached as Exhibit 1.

14.     Expensify filed utility application 14/489,357 on September 17, 2014 as a continuation of utility application 13/469,016. Application 14/489,357 was subsequently allowed and U.S. Patent No. 9,196,006 issued on November 24, 2015 ("the '006 Patent"). The '006 Patent is attached as Exhibit 2.

15.     Expensify describes its patented SmartScan™ technology as a layered system that works as follows:

> First it uses "optical character recognition" (OCR) on receipt images to extract the text from the image.
>
> ****
>
> Then it analyzes that text to determine what portions correspond to the merchant name, amount, currency and date of the purchase. If it can't detect a specific currency symbol, it will default to the currency based on your current location. You can also write one in by hand if it's not noted!
>
> Finally, SmartScan consults your list of existing expenses to see if the newly processed receipt image corresponds to a purchase that has already been imported via a credit card connection. Different currencies? No problem. We'll still match 'em.

See https://docs.expensify.com/using-expensify-day-to-day/smartscan-101.

16.     The claims of the Patents-in-Suit closely parallel the three steps described above, covering the fundamental functionality necessary to provide automated expense reporting services.

//

//

//

## ABACUS' INFRINGEMENT

17. Both of Abacus' service offerings: (1) Abacus Starter; and (2) Abacus Professional ("the Accused Services") infringe the Patents-in-Suit. The infringement is largely described in its marketing materials and sales presentations. *See* https://www.abacus.com/pricing.

Which plan is right for your business?



18. Both plans offer expense automation features, which include: (1) creating expense records from receipts; (2) connecting with credit card programs; and (3) managing and reconciling corporate credit cards. *Id.* The Patents-in-Suit cover each of these features.

19. Practice of the Patents-in-Suit are shown in an online video, available at https://www.youtube.com/watch?v=ya12J8A2aAU ("the Abacus Video"). The Abacus Video demonstrates the capture of a low quality image from a user's mobile phone. Most of the examples demonstrate capture of credit card based receipts. *Id.*

20. Abacus then applies optical character recognition ("OCR") to the captured images to determine information in the captured image. *See* http://blog.abacus.com/automating-assurance-abacus-uses-ocr/. Abacus admits that its OCR is not one hundred percent accurate,

thereby requiring use of additional resources to determine information that are unobtainable using OCR. *Id.*

21. Abacus classifies the captured image based on multiple pieces of information including "dollar amount of transaction, date, and vendor." *Id.* Upon information and belief, Abacus also classifies based on type or kind of captured image such as receipt, cash, personal credit card, or corporate credit card.

22. The Abacus Video demonstrates associating the captured image with personal or corporate credit cards of the user and then scanning a plurality of transactions recorded in the financial accounts of the user. Abacus then compares the known information from the receipt with known information from the financial accounts. When Abacus finds an information match, it identifies the information that was undeterminable from OCR. *Id.*

23. Therefore, Abacus practices at least the independent claims of the Patents-in-Suit.

## FIRST CAUSE OF ACTION
### (Patent Infringement of U.S. Patent No. 8,861,861

24. The allegations of paragraphs 1-23 are hereby incorporated by reference as if fully set forth herein.

25. Expensify is the owner, by assignment, of all right, title, and interest in the '861 Patent. The '861 Patent has been in full force and effect since its issuance.

26. Abacus has been, and is now, directly infringing, literally or under the doctrine of equivalents, all claims of the '861 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States its Abacus Starter and Professional services.

27. Abacus has been, and is now, inducing infringement, literally or under the doctrine of equivalents, in others of all claims of the '861 Patent in violation of 35 U.S.C. § 271(b) by

inducing others to make, use, sell, and/or offer to sell in the United States its Abacus Starter and Professional services.

28. As representative only, and not limiting, Abacus is directly infringing each and every element of claims 1 and 12 of the '861 Patent because:

   a. The Accused Services receive a low quality image of a record from a user by receiving an image of a receipt from a mobile phone based camera, as shown in the Abacus Video at 5:12.

   b. The Accused Services perform optical character recognition on the received image to determine a first set of information items about the record as discussed on Abacus' blog site: "Uploaded and Forwarded Receipts: using OCR technology and live receipt transcription, we'll transcribe and auto-populate date, merchant, and amount." http://support.abacus.com/article/95-suggested-expenses.

   c. The Accused Services use the optical character recognition to determine a first set of information items about the record as documented in the Abacus Video at 5:37, which states that Abacus' OCR is "able to recognize dollar amount of transaction, date, and vendor."

   d. The Accused Services identify a second set of information items that are likely part of the record but not determinable from performing optical character recognition. Abacus' blog site states that its OCR technology is not one hundred percent accurate and therefore there must exist information items that are likely part of the record but not determinable. "We launched our OCR implementation, and encouragingly, it started getting better. When we first wrote the algorithm, the software's success rate with reading receipt totals was around 40%. By the time

we graduated onto a different solution, it had risen to around 70%. Still not as good as human eyes, but not too bad for a piece of software we were teaching ourselves." http://blog.abacus.com/automating-assurance-abacus-uses-ocr/. The Accused Services utilize credit card numbers, partial credit card numbers, total receipt amount, and vendor information as items in the second set of information.

e. The Accused Services utilize another resource to determine the second set of information as the first set of information was determined by optical character recognition, which proved insufficient. Therefore, a second resource is used to determine the second set of information. Further, upon information and belief, if a field of a receipt is obscured or is illegible (e.g. merchant name, amount, or credit card number), the Abacus services are able to use a second resource to populate those fields.

f. The Accused Services determine a classification for the record based on the first and second set of information items by classifying the capture image as a receipt, expense receipt, sales expense, check stub, personal credit card, or corporate card, among others. The Abacus Video states that the Accused Services allow use of personal credit cards for reimbursement, or corporate cards which are not reimbursed.

g. The Accused Services associate the record with a financial resource of the user based at least in part on the classification by associating a user's personal credit card account information or a user's corporate account information with the captured image.

8

h.  The Accused Services scan a plurality of transactions recorded with one or more of the financial accounts of the user as demonstrated in the Abacus Video, which discloses scanning a plurality of credit card transactions for date, merchant, or amount.

i.  The Accused Services identify at least a first transaction that is relevant to the record, based on the first set of information items by using the date of transaction and vendor for identifying a matching transaction. *See* Abacus Video.

j.  The Accused Services identify the second set of information items from information provided with the at least first transaction as shown in the Abacus Video by filling in the undeterminable information in the image, such as vendor, date, or amount.

29.  Therefore, the method of claim 1 is performed on Abacus' servers and the computer readable medium of claim 12 is used on Abacus' servers. Users of the Abacus services benefit from use of the medium. Therefore, Abacus is directly infringing and Abacus is inducing infringement in others.

30.  As a result of Abacus' unlawful infringement of the '861 Patent, Expensify has suffered and will continue to suffer damages in an amount to be proven at trial. Expensify is entitled to recover from Abacus the damages adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to bet determined. The full measure of damages sustained as a result of Abacus' wrongful acts will be proven at trial.

31.  Upon information and belief, Abacus will continue to infringe Expensify's exclusive rights under the '861 Patent, and will continue to damage Expensify, causing irreparable harm, unless and until it is enjoined by this Court.

32.  Abacus' infringement of the '861 Patent, which is entitled to statutory presumption of validity under 35 U.S.C. § 282, has been and continues to be deliberate and willful, as least since service of this complaint.

33.  Expensify is entitled to pre-suit damages, and is not barred from pre-suit damages by 35 U.S.C. § 287.

## SECOND CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 9,196,006 )

34.  The allegations in Paragraphs 1-23 are hereby incorporated by reference as if fully set forth herein.

35.  The allegations in all preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

36.  Expensify is the owner, by assignment, of all right, title, and interest in the '006 Patent. The '006 Patent has been in full force and effect since its issuance.

37.  Abacus has been, and is now, directly infringing, literally or under the doctrine of equivalents, all claims of the '006 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States its Abacus Starter and Professional services.

38.  Abacus has been, and is now, inducing infringement, literally or under the doctrine of equivalents, in others of all claims of the '006 Patent in violation of 35 U.S.C. § 271(b) by inducing others to make, use, sell, and/or offer to sell in the United States its Abacus Starter and Professional services.

39. As representative only, and not limiting, Abacus is directly infringing each and every element of claims 1 and 7 of the '006 Patent because:

   a. The Accused Services receive a low quality image of a record from a user by receiving an image of a receipt from a mobile phone based camera, as shown in the Abacus Video at 5:12.

   b. The Accused Services communicate the low quality image to one or more resources for recognizing characters from images as discussed on Abacus' blog site: "Uploaded and Forwarded Receipts: using OCR technology and live receipt transcription, we'll transcribe and auto-populate date, merchant, and amount." http://support.abacus.com/article/95-suggested-expenses. Upon information and belief, Abacus also uses human resources for recognizing characters.

   c. The Accused Services use the first resource to determine a first set of information items provided on the image as documented in the Abacus Video at 5:37, which states that Abacus' OCR is "able to recognize dollar amount of transaction, date, and vendor." Upon information and belief, Abacus also uses human resources for determining a first set of information.

   d. The Accused Services identify a second set of information items that are likely part of the record by not determinable from characters provided on the image. Abacus' blog site states that its OCR technology is not one hundred percent accurate and therefore there must exist information items that are likely part of the record but not determinable. "We launched our OCR implementation, and encouragingly, it started getting better. When we first wrote the algorithm, the software's success rate with reading receipt totals was around 40%. By the time

we graduated onto a different solution, it had risen to around 70%. Still not as good as human eyes, but not too bad for a piece of software we were teaching ourselves." http://blog.abacus.com/automating-assurance-abacus-uses-ocr/. Upon information and belief, the Accused Services utilize credit card numbers, partial credit card numbers, total receipt amount, and vendor information as items in the second set of information. Upon information and belief, Abacus also uses humans for identifying a second set of information.

e. The Accused Services utilize another resource to determine the second set of information as the first set of information was determined by optical character recognition, which proved insufficient. Therefore, a second resource is used to determine the second set of information. Upon information and belief, Abacus also uses a second human for identifying a second set of information. Further, upon information and belief, if a field of a receipt is obscured or is illegible (e.g. merchant name, amount, or credit card number), the Abacus services are able to use a second resource to populate those fields.

f. The Accused Services determine a classification for the record based on the first and second sets of information items by classifying the capture image as a receipt, expense receipt, sales expense, check stub, personal credit card, or corporate card, among others. The Abacus Video states that the Accused Services allow use of personal credit cards for reimbursement or corporate cards, which are not reimbursed.

g. The Accused Services associate the record with a financial resource of the user based at least in part on the classification by associating a user's personal credit

12

card account information or a user's corporate account information with the capture image.

    h. The Accused Services scan a plurality of transactions recorded with one or more of the financial accounts of the user as demonstrated in the Abacus Video, which discloses scanning a plurality of credit card transactions for date, merchant, or amount.

    i. The Accused Services identify at least a first transaction that is relevant to the record, based on the first set of information items by using the date of transaction and vendor for identifying a matching transaction. *See* Abacus Video.

    j. The Accused Services identify the second set of information items from information provided with the at least first transaction as shown in the Abacus Video by filling in the undeterminable information in the image, such as vendor, date, or amount.

40. Therefore, the method of claim 1 is performed on Abacus' servers and the computer readable medium of claim 7 is used on Abacus' servers. Users of the Abacus services benefit from use of the medium. Therefore, Abacus is directly infringing and Abacus is inducing infringement in others.

41. As a result of Abacus' unlawful infringement of the '006 Patent, Expensify has suffered and will continue to suffer damages in an amount to be proven at trial. Expensify is entitled to recover from Abacus the damages adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to bet determined. The full measure of damages sustained as a result of Abacus' wrongful acts will be proven at trial.

42. Upon information and belief, Abacus will continue to infringe Expensify's exclusive rights under the '006 Patent, and will continue to damage Expensify, causing irreparable harm, unless and until it is enjoined by this Court.

43. Abacus' infringement of the '006 Patent, which is entitled to statutory presumption of validity under 35 U.S.C. § 282, has been and continues to be deliberate and willful, as least since service of this complaint.

44. Expensify is entitled to pre-suit damages, and is not barred from pre-suit damages by 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

45. Expensify, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Expensify prays for judgment and relief as follows:

A. Issue a permanent injunction enjoining Abacus (including its officers, directors, employees, agents, and all persons acting in concert with them) from infringing the Patents-in-Suit;

B. Order the Abacus pay compensatory damages to Expensify for Abacus' infringement of the Patents-in-Suit, including but not limited to, damages for lost profits and in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

C. Award Expensify pre-judgment interest.

D. Award Expensify its reasonable attorneys' fees and costs;

E. For an accounting; and

F. Grant other such relief that the Court deems appropriate.

Dated: June 2, 2017.

/s/　　Kevin J. Dooley
　　　　　　　　　KASOWITZ BENSON TORRES LLP
　　　　　　　　　Kevin J. Dooley (New York Bar No. KD0417)
　　　　　　　　　1633 Broadway
　　　　　　　　　New York, New York 10019
　　　　　　　　　212-506-1700

　　　　　　　　　Steven Carlson (Cal. Bar No. 206451)
　　　　　　　　　Kevin Pasquinelli (Cal. Bar No. 246985)
　　　　　　　　　333 Twin Dolphin Drive, Suite 200
　　　　　　　　　Redwood City, CA 94065
　　　　　　　　　650-453-5170
　　　　　　　　　scarlson@kasowitz.com
　　　　　　　　　kpasquinelli@kasowitz.com
　　　　　　　　　Attorneys for Plaintiff Expensify, Inc.